## ALEXANDER G. PENN *v.* GEORGE CRAWFORD.

A note specially endorsed by the payee to one person will be prescribed by five years when there is not sufficient evidence to establish a *new promise.*

The defendant stated on the first presentment that " he thought the note had been settled, but if not, he would arrange it"; and on the second presentment he stated that " he would see the plaintiff and settle the amount of the note."—*Held :* That this evidence is too doubtful, uncorroborated, to interrupt prescription.

APPEAL from the District Court of the Parish of St. Tammany, *Wilson*, J. *G. W. Penn* and *G. W. Martin*, for plaintiff. *E. P. & T. C. W. Ellis*, for defendant and appellant.

LAND, J. This suit is founded on the verbal assumpsit of the defendant to pay to the plaintiff the amount of a promissory note drawn by one *J. M. Durand*, on the 22d of February 1851, for the sum of $350, and made payable one hundred days after date at the office of *J. J. Halsey* in the City of New Orleans, and specially endorsed by the defendant to *J. S. Halsey, Esq.* The defendant was the payee of the note.

The defence is, first, a general denial; secondly, that the note was endorsed to *J. S. Halsey, Esq.*, for collection for the use of the defendant; and thirdly, the prescription of five years.

The plaintiff offered no evidence to prove the transfer of the note to himself by *J. S. Halsey*, to whom it had been specially endorsed by the payee, who is the defendant in this action; and the only evidence of title which he adduced on the trial, was the testimony of a single witness to the effect, that he, the witness, presented the note twice during the year 1857 on behalf of the plaintiff, to the defendant, who stated on the first presentmnnt that he thought the note had been settled, but if not, he would arrange it; and on the second presentment he stated that he would see the plaintiff and settle the amount of the note.

This evidence is insufficient to prove a legal title in the plaintiff by transfer or assignment from *J. S. Halsey*, the special endorsee; and it may be well doubted whether this evidence, which is the weakest species known to the law, and which is uncorroborated, is sufficient to establish a *new promise* on the part of the de-

PENN
v.
CRAWFORD.

fendant to pay unconditionally the note, which at the time was extinguished by prescription.

Notwithstanding the averment of the defendant's answer that the note had been specially endorsed to *J. S. Halsey*, for collection, the plaintiff did not attempt to show under what circumstances, or upon what consideration, or from whom he had received the note, and as the case is presented to us upon the record, we think that the plea of prescription should be sustained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed; and·it is now ordered, adjudged and decreed, that there be judgment in favor of the defendant with costs in both courts.